SUMMONS

| | |
|---|---|
| Attorney(s) | Jonathan Meyers, Esq. |
| Office Address | Meyers Fried-Grodin LLP |
| | 1259 Route 46 East, Building 4E, Suite 11 |
| Town, State, Zip Code | Parsippany, NJ 07054 |
| Telephone Number | (973) 453-4847 |
| Attorney(s) for Plaintiff | Farshad Rabbenou |

FARSHAD RABBENOU,

Plaintiff(s)

Vs.

DAYAN FOODS, LTD. d/b/a MAIN EVENT CATERERS,

MAIN EVENT - MAUZONE CATERERS, LLC et al

Defendant(s)

**Superior Court of New Jersey**

Bergen                              COUNTY

Law                                  DIVISION

Docket No:  8826-16

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153 deptyclerklawref.pdf.

Michelle M. Smith by DM

Clerk of the Superior Court

DATED:  01/04/2017

Name of Defendant to Be Served:  JOSEPH BODNER a/k/a JOEY BODNER

Address of Defendant to Be Served:  1410 West Englewood Ave. (a/k/a 1410 Somerset Gate) Teanek, NJ 07666

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**MEYERS FRIED-GRODIN, LLP**
Jonathan Meyers, Esq., Attorney No. 019061999
1259 Route 46 East, Building 4E
Suite 11 (First Floor)
Parsippany, NJ 07054
Phone (973) 453-4847
Fax (973) 975-4922
E-mail: JMeyers@MfgLegal.com
Attorneys for Plaintiff Farshad Rabbenou

SUPERIOR COURT BERGE... ......
**FILED**

DEC 2 9 2016

*[signature]*
DEPUTY CLERK

| | |
|---|---|
| FARSHAD RABBENOU, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | |
| | Docket No. BER-L-8826-16 |
| vs. | |
| DAYAN FOODS, LTD. d/b/a MAIN EVENT CATERERS, MAIN EVENT - MAUZONE CATERERS, LLC, JOSEPH BODNER a/k/a JOEY BODNER, individually, MARTIN BODNER a/k/a MARTY BODNER, individually, EDWARD IZSO a/k/a EDDIE IZSO, individually, JOHN DOES 1-10, and ABC CORPS. 1-10, fictitious names for persons or entities whose present roles and identities are unknown, | **FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff Farshad Rabbenou, by way of this Complaint against the Defendants, states:

## THE PARTIES

1. Plaintiff Farshad Rabbenou ("Plaintiff" or "Mr. Rabbenou") is an individual who was employed by Dayan Foods, Ltd., doing business as Main Event Caterers ("Dayan" or the "Company") from in or about May, 2004 until in or about early November 2015, when he was abruptly terminated after he engaged in protected activity within the meaning of the New Jersey Conscientious Employee Protection Act ("CEPA").

- 1 -

2. Mr. Rabbenou now, and at all relevant times, resides in the City of Englewood, in the County of Bergen, and in the State of New Jersey.

3. Mr. Rabbenou worked for Dayan as its Mashgiach.

4. Upon information and belief, Dayan was at all relevant times, and is, a domestic business entity that does business in New Jersey.

5. Dayan maintains a principal place of business at 38-26 West Forest Avenue, Englewood, New Jersey, 07631, in the County of Bergen.

6. Dayan is in the business of catering and food service.

7. Upon information and belief, Main Event – Mauzone Caterers, LLC ("Mauzone") was at all relevant times, and is, a foreign business entity that does business in, among other places, New Jersey.

8. Upon information and belief, Mauzone maintains a principal place of business at 332 East 86th Street, Floor 2, New York, New York, 10028, in the County of New York.

9. Mauzone is in the business of catering and food service.

10. Upon information and belief, on or about October 15, 2015, Dayan and Mauzone merged and Mauzone and Mauzone thereby acquired an ownership interest in Dayan's assets and liabilities.

11. Joseph Bodner a/ka/ Joey Bodner is an individual who, upon information and belief resides in Teanek, New Jersey at 1410 West Englewood Avenue (also known as 1410 Somerset Gate).

12. Upon information and belief, Joey Bodner, has been, at all relevant times, an owner of Dayan, and Chief Executive Officer, with control over the company, it's payroll practices, and it's hiring and firing decisions.

- 2 -

13. Upon information and belief, Joey Bodner, has been, at all relevant times, an owner of Mauzone with control over the company, its payroll practices, and its hiring and firing decisions.

14. Martin Bodner a/k/a Marty Bodner is an individual who, upon information and belief resides at 229 Guilford Court, West Hempstead, New York 11552.

15. Upon information and belief, Marty Bodner, has been, at all relevant times, an owner of Dayan, and co-Chief Operating Officer, with control over the company, its payroll practices, and it's hiring and firing decisions.

16. Upon information and belief, Marty Bodner, has been, at all relevant times, an owner of Mauzone with control over the company, its payroll practices, and its hiring and firing decisions.

17. Edward Izso a/k/a Eddie Izso is an individual who, upon information and belief resides in Englewood, New Jersey at 161 Van Nostrand Avenue in Bergen County.

18. Upon information and belief, Eddie Izso, has been, at all relevant times, an owner of Dayan, and Chief Operating Officer, with control over the company, it's payroll practices, and it's hiring and firing decisions.

19. Upon information and belief, Eddie Izso, has been, at all relevant times, an owner of Mauzone with control over the company, it's payroll practices, and it's hiring and firing decisions.

## FACTS COMMON TO ALL COUNTS

20. Plaintiff re-alleges and incorporates the allegations set forth in the paragraphs above.

### A.   Mr. Rabbenou Engaged Was a Long-Time Employee Who Performed Well Over the Years

21. Plaintiff worked for Defendants for over a decade.

22. Plaintiff performed well, as indicated by, among other things, his long length of service.

**B.**    **Mr. Rabbenou Engaged In Legally Protected Activity by**
          **Complaining about and Objecting to Unlawful Company Practices**

23. During his employment, Mr. Rabbenou observed practices that he reasonably believed to be unlawful and objected to.

24. Defendants' catering business is geared toward serving the Jewish community – a community that expects the food served by Defendants to be Kosher.

25. Mr. Rabbenou was in a unique position to know whether Dayan was in compliance with Kosher food preparation practices.  He was the Mashgiach.

26. A Mashgiach is an inspector who is given the responsibility of guarding against any violation of the Jewish dietary laws in food processing plants, meat markets, etc., where food presumed to be kosher is prepared or served for public consumption.

27. In or about late 2015 Mr. Rabbenou complained to management and objected to what he reasonably believed to be unlawful conduct that harmed the consuming public.

28. More specifically, management's practices resulted in food being prepared and sold to the consuming public as being Kosher, even though it was not.

29. This resulted in Jewish people consuming food that was not Kosher, even though Dayan had represented it to be Kosher.

30. Upon complaining to management about this and objecting to these deceptive practices, Mr. Rabbenou was told that if he talked too much he would get fired.

31. Management even went so far as to divert phone calls from customers (inquiring about the Kosher status of Defendants' food) away from Plaintiff and toward members of management.

32. Upon information and belief, during these diverted calls, management pretended to be the Mashgiach and falsely claimed that the food was Kosher even though it was not.

- 4 -

33. Additionally, Plaintiff noticed that the premises where food was prepared was not sanitary. There were rodent droppings and cockroaches throughout the premises including where food was stored and prepared. In mid-2015 Plaintiff objected to this and complained about this to Eddie Izso. Plaintiff specifically complained that this was a health hazard. Mr. Izso failed to respond.

34. Plaintiff also complained to the General Manager. The General Manager made a joke out of it by saying "no one has died from Main Event food yet."

35. Upon information and belief, management had a mole within the Health Department. An inspector would tip off management before inspections, so that the Company could put on a good face when it was inspected.

### C.    Plaintiff Rabbenou Was Fired from His Job Because He Engaged in Legally Protected Activity

36. After complaining to management and objecting to these deceptive practices, Mr. Rabbenou was threatened that if he talked too much he would get fired. This occurred in or about mid-2015 and the threat was made by Eddie Izso.

37. Additionally, one of Dayan's owners, Marty Bodner, told Plaintiff in mid-to-late-2015 that they were not going to fire Plaintiff. Instead, they were going to make him miserable until he quit.

38. Management did, in fact, make Mr. Rabbenou's job unnecessarily harder and generally unbearable by, *e.g.*, overload him with unnecessary work, causing him delays, making negative comments about him, making him work night hours, and threatening him.

39. Mr. Rabbenou resisted the strong urge to quit.

40. However, in early November, 2015, he was fired.

- 5 -

41. Management was unable to provide a coherent explanation as to why Mr. Rabbenou was being fired.

42. In light of management's actions and statements, as well as the timing of Plaintiff's termination, it is clear that he was fired in retaliation for having engaged in legally-protected activity.

### D.     The Resulting Harm to Plaintiff

43. As a result of Defendants' actions, Mr. Rabbenou experienced adverse employment actions, including termination of employment, and has experienced serious financial losses.

44. Additionally, the Defendants' actions have caused Plaintiff to suffer humiliation and emotional distress.

### E.     Plaintiff Was Not Paid for the Overtime Hours that He Worked

45. As Mashgiach, Mr. Rabbenou was not a supervisor or member of management.

46. Additionally, in light of the kinds of job duties that he primarily had (physically inspecting food – including by closely looking at vegetables with a lightbox – washing food, and ensuring that insects were not present), Plaintiff was not exempt from overtime pay obligations on the part of Defendants.

47. Plaintiff was paid on an hourly basis (indeed, deductions would be taken out of his normal pay if he worked less than 40 hours per week).

48. Plaintiff frequently worked in excess of 40 hours per week.

49. However, Plaintiff was not paid overtime pay for hours that he worked in excess of 40 per week.

F. **Dayan Has a History of Overtime-Related Legal Disputes**

50. Dayan and Eddie Izso have been the subject of at least one other known lawsuit in which current and/or former employees allege that the Company failed to pay overtime.

51. More specifically, a class action wage & hour lawsuit was filed in the United States District Court for the District of New Jersey, *Bonilla v. Dayan Foods, Ltd. et al*, Case no. 2:12-cv-02109.

52. Additionally, Dayan has previously been under investigation by the Department of Labor for wage and hour violations and has been found to have violated wage and hour laws, as recently as 2015, which involved many thousands of dollars of unpaid wages and penalties.

## COUNT ONE
### (CEPA Whistleblower Retaliation – All Defendants)

53. Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

54. Defendants caused Plaintiff to experience adverse employment actions, including termination, in retaliation for his having engaged in legally-protected activity.

55. Defendants' actions constitute violations of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq*. ("CEPA").

56. As a result of Defendants' unlawful actions, Plaintiff has suffered loss of employment, as well as loss of wages, benefits, advancements in seniority, and other emoluments of employment.

57. In addition, Plaintiff has suffered emotional distress.

58. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Plaintiff's rights and, moreover, involved the participation of upper management, thus warranting the imposition of punitive damages.

59. At all relevant times, the individual Defendants acted as agents of Dayan and Mauzone and Dayan and Mauzone are vicariously liable for their actions.

## COUNT TWO
### (Wrongful Discharge in Violation of Public Policy – Defendants Dayan and Mauzone)

60. Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

61. Dayan and Mauzone caused Plaintiff to experience adverse employment actions, including discharge from his employment, because he objected to and refused to participate in conduct that he reasonably believed violated clear mandates of public policy.

62. The Defendants' actions constitute violations of the common law prohibition against discharging an employee in violation of public policy, as established by the New Jersey Supreme Court in *Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58 (1980).

63. As a result of the Defendants' unlawful actions, Plaintiff has suffered loss of employment, as well as loss of wages, benefits, advancements in seniority, and other emoluments of employment.

64. In addition, Plaintiff has suffered emotional distress.

65. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Plaintiff's rights and, moreover, involved the participation of upper management, thus warranting the imposition of punitive damages.

66. At all relevant times, the individual Defendants acted as agents of Dayan and Mauzone and Dayan and Mauzone are vicariously liable for those individuals' actions.

- 8 -

## COUNT THREE
### (Intentional Infliction of Emotional Distress – All Defendants)

67. Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

68. Defendants intended to cause Plaintiff severe emotional distress.

69. Defendants' conduct was extreme and outrageous, such that no reasonable person could be expected to endure it.

70. Defendants' conduct caused Plaintiff to suffer severe emotional distress.

71. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Plaintiff's rights and, moreover, involved the participation of upper management, thus warranting the imposition of punitive damages.

72. At all relevant times, the individual Defendants acted as agents of Dayan and Mauzone and Dayan and Mauzone are vicariously liable for those individuals' actions.

## COUNT FOUR
### (Negligent Infliction of Emotional Distress – All Defendants)

73. Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

74. Defendants negligently caused Plaintiffs severe emotional distress.

75. Defendants' conduct was extreme and outrageous, such that no reasonable person could be expected to endure it.

76. Defendants' conduct caused Plaintiff to suffer severe emotional distress.

77. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Plaintiff's rights and, moreover, involved the participation of upper management, thus warranting the imposition of punitive damages.

78. At all relevant times, the individual Defendants acted as agents of Dayan and Mauzone and Dayan and Mauzone are vicariously liable for those individuals' actions.

## COUNT FIVE
### (Breach of the Implied Covenant of Good Faith and Fair Dealing – All Defendants)

79. Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

80. There is, in all employment relationships an implied duty of good faith and fair dealing.

81. Defendants breached that duty.

82. Plaintiff has suffered harm as a result.

83. The Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Plaintiff's rights and, moreover, involved the participation of upper management, thus warranting the imposition of punitive damages.

84. At all relevant times, the individual Defendants acted as agents of Dayan and Mauzone and Dayan and Mauzone are vicariously liable for those individuals' actions.

## COUNT SIX
### (Prima Facie Tort – All Defendants)

85. Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

86. Defendants, either themselves, or through their agents, have intentionally harmed Plaintiffs.

87. Defendants lacked a justification for harming Plaintiff.

- 10 -

88. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Plaintiff's rights and, moreover, involved the participation of upper management, thus warranting the imposition of punitive damages.

89. At all relevant times, the individual Defendants acted as agents of Dayan and Mauzone and Dayan and Mauzone are vicariously liable for those individuals' actions.

## COUNT SEVEN
### (Fraud – All Defendants)

90. Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

91. F Defendants falsely represented to Plaintiff Rabbenou that he was exempt from overtime.

92. These representations were false, and the Defendants knew or should have known that they were false.

93. The Defendants intended that Mr. Rabbenou rely on these misrepresentations.

94. Ms. Rabbenou reasonably relied on these misrepresentations.

95. Ms. Rabbenou was harmed by his reliance on Defendants' misrepresentations.

96. As a result of Defendants' unlawful actions, Mr. Rabbenou has suffered a loss of overtime pay.

97. In addition, Ms. Rabbenou has suffered emotional distress.

98. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Mr. Rabbenou's rights thus warranting the imposition of punitive damages.

99. At all relevant times, the individuals who made the promises to Mr. Rabbenou acted as agents of Dayan and Mauzone and Dayan and Mauzone are vicariously liable for those individuals' actions.

- 11 -

## COUNT EIGHT
### (Individual Liability under CEPA – Defendants Joseph Bodner, Martin Bodner, and Izso)

100.     Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

101.     Defendants Joseph Bodner, Martin Bodner, and Edward Izso aided, abetted, coerced and/or compelled retaliatory action be taken against Plaintiff.

102.     As a result of Defendants' unlawful actions, Plaintiff has suffered a loss of employment, and a loss of wages, benefits, advancements in seniority, and other emoluments of employment.

103.     In addition, Plaintiff has suffered emotional distress.

104.     The individual Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Plaintiff's rights and warrant the imposition of punitive damages.

## COUNT NINE
### (NJ Wage and Hour Law Failure to Pay Overtime – All Defendants)

105.     Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

106.     Defendants, in violation of, *inter alia*, the New Jersey Wage and Hour Law, N.J.S.A.

34:11-56a, *et seq.* have failed to pay Mr. Rabbenou for time that he worked in excess of 40 hours, and failed to pay him an overtime premium of one and a half times his regular pay for such time.

107.     The Defendants' violation of the aforementioned was intentional, knowing, willful, and in bad faith.

## COUNT TEN
### (FLSA Failure to Pay Overtime – All Defendants)

108.     Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

109.     Dayan and Mauzone, in their various incarnations, are and have been an enterprise engaged in interstate commerce.

110.     Defendants, in violation of, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b) *et seq*., have failed to pay Mr. Rabbenou for time that he worked in excess of 40 hours, and have failed to pay him an overtime premium of one and a half times his regular pay for such time.

111.     The Defendants' violation of the aforementioned was intentional, knowing, willful, and in bad faith.

112.     All of the foregoing constituted willful and repeated violations, therefore the applicable statute of limitations is three (3) years, pursuant to 29 U.S.C. § 255(a).

## COUNT ELEVEN
### (Quantum Meruit/Unjust Enrichment – All Defendants)

113.     Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

114.     Defendants have received benefits, in the form of services provided, from Mr. Rabbenou.

115.     As a result of the conduct described above, Defendants' receipt of such benefits, without compensating Mr. Rabbenou, would be unjust.

- 13 -

116.    Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Plaintiff's rights and, moreover, upon information and belief, involved the participation of upper management, thus warranting the imposition of punitive damages.

117.    At all relevant times, the individual Defendants and/or other wrongdoers, acted as agents of the Company, and the Company is vicariously liable for their actions.

### COUNT TWELVE
**(Individual Liability under the NJ Wage & Hour Law – Defendants Joseph Bodner, Martin Bodner, and Izso)**

118. Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

119.    Due to, *inter alia*, the control, involvement, and ownership interests of the individually-named-Defendants, the individually-named Defendants are individually liable for wage and hour violations under the New Jersey Wage & Hour Law.

### COUNT THIRTEEN
**(Individual Liability under the FLSA – Defendants Joseph Bodner, Martin Bodner and Izso)**

120. Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

121.    Due to, *inter alia*, the control, involvement, and ownership interests of the individually-named-Defendants, the individually-named Defendants are individually liable for wage and hour violations under the FLSA.

## COUNT FOURTEEN
### (Respondeat Superior – Defendants Dayan and Mauzone)

122.     Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

123.     Defendants Dayan and Mauzone are liable for any and all damages incurred as a result of the actions and/or omissions of the individual Defendants pursuant to the doctrine of *respondeat superior*.

## COUNT FIFTEEN
### (Fictitious Party Allegations)

124.     Plaintiff Rabbenou re-alleges and incorporates the allegations set forth in the paragraphs above.

125.     Defendants John Does 1-10 and ABC Corps 1-10 are fictitious individuals, corporations, partnerships, business entities, or anyone else who participated with the treatment, management, and supervision of Plaintiffs at all relevant times.

126.     Defendants John Does 1-10 and ABC Corps 1-10 retaliated against Plaintiffs in their collective and/or respective care supervision, management and/or treatment of him, were responsible for the harms inflicted upon him, and otherwise aided and abetted the retaliation against and unlawful treatment of Plaintiff.

127.     As a direct and proximate result of the carelessness, recklessness, intentional wrongfulness, negligence, and retaliatory animus of Defendants John Does 1-10 and ABC Corps 1-10, said names being fictitious, Plaintiffs were caused to suffer damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for the following:

- 15 -

a.  compensatory damages including unpaid wages, back-pay, front-pay, and emotional distress,

b.  liquidated damages;

c.  pre-judgment and post-judgment interest;

c.  attorneys' fees and costs;

d.  punitive damages; and

e.  such other and further relief as the Court finds just and proper.

**MEYERS FRIED-GRODIN LLP**
Attorneys for Plaintiff Farshad Rabbenou

By: _____
    Jonathan Meyers, Esq.

Dated: December 27, 2016

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury on all counts in this Complaint.

**MEYERS FRIED-GRODIN LLP**
Attorneys for Plaintiff Farshad Rabbenou

By: _____
    Jonathan Meyers, Esq.

Dated: December 27, 2016

- 16 -

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c) and R. 4:25-4, Defendants designate Jonathan Meyers, Esq., as trial counsel in the within matter.

**MEYERS FRIED-GRODIN LLP**
Attorneys for Plaintiff Farshad Rabbenou

By:_____
Jonathan Meyers, Esq.

Dated: December 27, 2016

## RULE 4:5-1 CERTIFICATION

I hereby certify that, to the best of my knowledge, there is no other action regarding the subject matter of the forgoing action pending in any court or arbitration proceeding, nor is there any such action or proceeding contemplated, and that no other parties should be joined in this action.

**MEYERS FRIED-GRODIN LLP**
Attorneys for Plaintiff Farshad Rabbenou

By:_____
Jonathan Meyers, Esq.

Dated: December 27, 2016

- 17 -

## RULE 1:38-7(b) CERTIFICATION

I certify that confidential personal identifiers have been redacted from documents submitted to the Court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b)

MEYERS FRIED-GRODIN LLP
Attorneys for Plaintiff Farshad Rabbenou

By: _____

Jonathan Meyers, Esq.

Dated: December 27, 2016

- 18 -

Appendix XII-B1

|  | **CIVIL CASE INFORMATION STATEMENT** **(CIS)** Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | **FOR USE BY CLERK'S OFFICE ONLY** PAYMENT TYPE:  ☐ CK ☐ CG ☐ CA CHG/CK NO. AMOUNT: OVERPAYMENT: BATCH NUMBER. |
|---|---|---|

| ATTORNEY / PRO SE NAME Jonathan Meyers, Esq. | TELEPHONE NUMBER (973) 453-4847 | COUNTY OF VENUE Bergen |
|---|---|---|
| FIRM NAME (if applicable) MEYERS FRIED-GRODIN LLP | | DOCKET NUMBER (when available) L 8826-16 |
| OFFICE ADDRESS 1259 Route 46 East, Building 4E Suite 11 (First Floor) Parsippany, NJ 07054 | | DOCUMENT TYPE Complaint JURY DEMAND    ■ YES    ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) FARSHAD RABBENOU, Plaintiff | CAPTION FARSHAD RABBENOU v. DAYAN FOODS, LTD. d/b/a MAIN EVENT CATERERS, MAIN EVENT - MAUZONE CATERERS, JOSEPH BODNER a/k/a JOEY BODNER, MARTIN BODNER et al |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing) 616 | HURRICANE SANDY RELATED? ☐ YES    ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?    ☐ YES   ☐ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ☐ YES    ■ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ■ YES    ☐ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)    ☐ NONE                                                                                        ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES    ☐ NO | IF YES, IS THAT RELATIONSHIP: ■ EMPLOYER/EMPLOYEE    ☐ FRIEND/NEIGHBOR    ☐ OTHER (explain) ☐ FAMILIAL                       ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?    ☐ YES    ☐ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES    ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES    ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE                                                      12/13/16



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV – Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | |
|---|---|
| 271  ACCUTANE/ISOTRETINOIN | 292  PELVIC MESH/BARD |
| 274  RISPERDAL/SEROQUEL/ZYPREXA | 293  DEPUY ASR HIP IMPLANT LITIGATION |
| 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295  ALLODERM REGENERATIVE TISSUE MATRIX |
| 282  FOSAMAX | 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285  STRYKER TRIDENT HIP IMPLANTS | 297  MIRENA CONTRACEPTIVE DEVICE |
| 286  LEVAQUIN | 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287  YAZ/YASMIN/OCELLA | 300  TALC-BASED BODY POWDERS |
| 288  REGLAN | 601  ASBESTOS |
| 290  POMPTON LAKES ENVIRONMENTAL LITIGATION | 623  PROPECIA |
| 291  PELVIC MESH/GYNECARE | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK      NJ 07601-7680
                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    DECEMBER 19, 2016
                        RE:      RABBENOU VS DAYAN FOODS LTD
                        DOCKET:  BER L -008826 16

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON MARY F. THURBER

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (201) 527-2600.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: JONATHAN MEYERS
                                    MEYERS FRIED-GRODIN LLP
                                    1259 ROUTE 46 EAST BLDG 4E
                                    STE 11 FIRST FL
                                    PARSIPPANY       NJ 07054

JUBTRU0