UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
FARSHAD RABBENOU,

                Plaintiff,

-against-

DAYAN FOODS, LTD. d/b/a MAIN,
EVENT CATERERS, MAIN EVENT-
MAUZONE CATERERS, LLC, JOSEPH
BODNER a/k/a JOEY BODNER,
individually, MARTIN BODNER a/k/a
MARTY BODNER, individually,
EDWARD IZSO a/k/a EDDIE IZSO,
individually JOHN DOES 1-10, and
ABC CORPS. 1-10, fictitious names for
persons or entities whose present roles
and identities are unknown,

                Defendants.
------------------------------------------------------------X

SETTLEMENT

Index No.:17-CV-1330

## SETTLEMENT AGREEMENT AND LIMITED RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between and FARSHAD RABBENOU, and his respective heirs, executors, administrators, successors, and assigns, (hereinafter jointly and collectively referred to herein as "PLAINTIFFS"), and DAYAN FOODS LTD and MAIN EVENT-MAUZONE CATERERS, LLC, and said companies' direct or indirect successors, predecessors, parents, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as its respective current and former directors, officers, shareholders, partners, employees, assigns, including but not limited to Joseph Bodner, Martin Bodner and Eddie Izso (also known as Edward Izso), and their respective successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individual's heirs, executors,

administrators, successors, assigns, and attorneys (hereinafter collectively referred to as "DEFENDANTS").

A. WHEREAS, PLAINTIFF has alleged claims under the Fair Labor Standards Act of 1938, and N.J.A.C. 13:45A-2.1 et seq., N.J.A.C. 13:45A-21.7(a)(9) and 21 C.F.R.101.29, et seq., and various New Jersey causes of action, including, alleged wrongful discharge in violation of public policy, intentional and/or negligent infliction of emotional distress, breaches of implied covenant of good faith, prima facie tort, fraud and quantum meruit and/or unjust enrichment state labor claims pursuant to New Jersey Labor Law in an action pending in the United States District Court for the District of New Jersey, Docket No. 17-CV-1330 (the "Action"); and

B. WHEREAS, DEFENDANTS have denied PLAINTIFF's respective claims; and

C. WHEREAS, DEFENDANTS and PLAINTIFF wish to avoid the uncertainties and expenses of the proceedings in this matter; and,

D. In light of the foregoing, DEFENDANTS are willing to enter into this Agreement with PLAINTIFF and to provide PLAINTIFF with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFF's promises set forth in this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFF and the other promises set forth below, PLAINTIFF and DEFENDANTS, intending to be legally bound, agree as follows:

1. **Consideration to be Provided to PLAINTIFF.**

In consideration for the promises made by PLAINTIFF set forth in this Agreement, Martin Bodner, Joseph Bodner and Eddie Izso, jointly and severally, promise to pay a total of $15,400, payable no later than three (3) business days from the date that the Court approves this settlement (and if Defendants are late in making the payment to PLAINTIFF's counsel,

DEFENDANT will pay a penalty to Plaintiff in the amount of $100.00 per day that the patment is late).

Payment shall be to "Meyers Fried-Grodin, LLP Attorney TrustAccount". All payments shall be delivered to:

MEYERS FRIED-GRODIN, LLP
Jonathan Meyers, Esq.
1259 Route 46 East
Building 4E, Suite 11
Parsippany, NJ 07054

Following approval of this settlement by the Court and upon payment of the total sum of $15,400, the parties shall cause to be filed a stipulation of dismissal of the action, with prejudice, in the form annexed hereto as Exhibit "A". The parties agree to cooperate and provide all additional materials as the Court may require to effectuate a dismissal with prejudice.

The allocation of the settlement proceeds are as follows: $9,743.50 will go to Plaintiff Farshad Rabbenou, and $5,246.50 will go to Meyers Fried-Grodin as it's 35% counsel fee and $410.00 will go to Meyers Fried-Grodin as reimbursement for expenses (which represents $397.00 paid for process server and $13.00 paid for child support judgment search).

2. **Adequate Consideration.**

PLAINTIFF expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement and for the obligations imposed upon him by virtue of this Agreement. PLAINTIFF expressly agrees and acknowledges that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made in this Agreement.

DEFENDANTS expressly stipulate that the payment of the afore-described sums constitute adequate and ample consideration for the payments being made under this Agreement

and for the obligations imposed upon them by virtue of this Agreement. PLAINTIFF expressly agrees and acknowledges that PLAINTIFF shall, forfeit the right to sue and agrees that should any such suit be commenced on behalf of PLAINTIFF that same be dismissed with prejudice, in exchange for the obligations and promises made by DEFENDANTS in this Agreement. PLAINTIFF agrees that any appropriate court shall "So Order" the dismissal in light of the instant settlement.

3. **Releases of All Claims**

In view of the fact that the payment herein also include settlement of the claims brought under New Jersey State Law, PLAINTIFF, voluntarily and irrevocably, releases and forever discharges DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action concerning Plaintiff's employment (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement. The disputes released by PLAINTIFF include, but are not limited to, any and all disputes against DEFENDANTS concerning PLAINTIFF's employment with or arising from PLAINTIFF's employment or relationship with the DEFENDANTS and their direct and indirect affiliates, under all State, Local law, and Federal Law and Jewish Law (Halacha).

The disputes released by PLAINTIFF herein include those known or unknown, actual or contingent, in law, in equity, or otherwise, and whether based in tort, contract, non-federal statute, or any other basis, provided they arise out of alleged acts concerning PLAINTIFF's employment and occurring before the effective date of this Agreement. This release includes all disputes arising out of alleged acts occurring before the effective date of this Agreement by which PLAINTIFF could seek equitable relief, actual compensatory, consequential, punitive,

special, multiple, or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind.

The disputes released by PLAINTIFF include any and all disputes he has or may believe to have against DEFENDANTS arising out of alleged acts occurring before the effective date of this Agreement under any state, local, or foreign statute or regulation, including, without limitation, those relating to unfair or discriminatory employment practices (for example, employment discrimination based on race, national origin, marital status, sex, sexual harassment, religion, age, disability, or handicap) of any kind under the Federal Fair Labor Standards Act of 1938, the New Jersey State Human Rights Law, the New Jersey Whistleblower Law ( New Jersey Conscientious Employee Protection Act (CEPA), the New Jersey wage-hour and wage-payment laws, and any other local, state or Federal employment-related statutes and regulations, and any other employment-related local ordinance.

DEFENDANTS, voluntarily and irrevocably, release and forever discharge PLAINTIFF from and against any and all claims, obligations, debts, liabilities, demands, or causes of action with respect to any alleged acts occurring before the effective date of this Agreement.

4. **No Lawsuits or Claims.**

PLAINTIFF promises and agrees not to institute, initiate or to have instituted or initiated on his behalf individually, jointly or collectively any lawsuit or claim against DEFENDANTS with respect to any alleged acts occurring before the effective date of this Agreement. PLAINTIFF agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity, including, but not limited to, the United States Department

of Labor, the New Jersey State Department of Labor, the New Jersey State Workers' Compensation Board (but only to the extent permitted by law.) or any other foreign, state, or local governmental agency, department, or court.

5. **No Disputes Pending or Assigned by PLAINTIFF**

PLAINTIFF represents that he does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against DEFENDANTS, other than the Action cited above. PLAINTIFF represents and agrees that he will not hereafter pursue, initiate, or cause to be instituted any dispute arising out of alleged acts occurring before the effective date of this Agreement against DEFENDANTS, except as permitted by this Agreement. PLAINTIFF further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any dispute released by him herein. PLAINTIFF agrees that the terms of this Agreement are fair and reasonable and PLAINTIFF agrees, that if asked by a Court in the context of a Fairness Hearing under the FLSA, to confirm that the terms as applied to PLAINTIFF are fair and reasonable. PLAINTIFF agrees that any compromises reached in achieving this Agreement furthers the implementation of the Fair Labor Standards Act in the workplace. PLAINTIFF further agrees that litigation of the case to final decision could result in a denial of all claims, as factual disputes exist as to the validity of PLAINTIFF's claims, including but not limited to the issue of whether PLAINTIFF is or was an employee of any of the DEFENDANTS under the FLSA and/or the applicable State statutes. All parties agree that extended litigation of the claims raised in the Action would be burdensome and expensive and therefore voluntarily agree to resolve the issues by way of this Agreement to avoid such burdens and expenses. All parties agree that they have

been assisted by competent and able counsel and agree that the terms of this Agreement resulted from arm's length negotiations.

The parties will jointly petition the Court to approve this Settlement.

6. **Confidentiality of this Agreement and its Terms by the Plaintiff.**

Intentionally left blank.

7. **Non-Disparagement.**

Rabbenou agrees to cease and desist from making any negative comments concerning the Kashruth at the Main Event Commissary and if asked he will not disparage the DEFENDANTS nor make any negative statements concerning the DEFENDANTS or the Rabbinical Council of Bergen County. Rabbenou will never again repeat the allegations that he alleged in his Complaint. If asked about the allegations made in Rabbenou's Complaint in this lawsuit, Rabbenou will respond only by saying that the lawsuit has been resolved, and his Complaint was withdrawn. Rabbenou further agrees that if asked, he will state that he is not aware of any health issues regarding any food products prepared by Main Event during his tenure as Mashgiach.

DEFENDANTS will not disparage or make any negative statements about PLAINTIFF. However, nothing in this Agreement prevents DEFENDANTS from responding to inquiries about the allegations raised in Plaintiff's Complaint by stating that they dispute PLAINTIFF's allegations and saying anything necessary to support their disputation of PLAINTIFF's allegations without making conclusory statements about PLAINTIFF that would disparage him. (More specifically, DEFENDANTS may respond to inquiries by stating their version of facts about PLAINTIFF'S allegations without offering negative commentary about PLAINTIFF).

8. **No Admission of Liability or Wrongdoing.**

PLAINTIFF agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS. DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFF.

9. **Consent to Jurisdiction.**

The parties consent to the jurisdiction of the Beth Din of America, as designated arbitrator in accord with the provisions of the Federal Arbitration Act (9 U.S.C. 1, et seq.) should any dispute arise in connection with the interpretation, implementation and application of this Agreement. The parties agree that the arbitrator shall have the authority to assess full costs and attorney's fees, and such other remedies as deemed appropriate, in favor of the victorious party and against the losing party. Copies of all pleadings on a party pursuant to this paragraph must be sent to counsel of record for that party in this action. If the dispute involves the non-payment of any portion of the sums described in paragraph 1 above and should the arbitrator find a breach by any of the responsible parties, the arbitrator may assess an additional k'nas or penalty of 25% of the unpaid sums against the responsible party.

10. **Advice of Counsel.**

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. The parties hereby represent that they have consulted their attorney(s) about this Agreement before signing it.

11. **Severability.**

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the

invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

12. **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with Halacha as interpreted under Orthodox Judaism. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

13. **Waiting Period, Right of Revocation, Effective Date.**

The PLAINTIFF acknowledges that he has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that he has been given the opportunity and, in fact, has consulted with an attorney. All parties acknowledge that PLAINTIFF had an opportunity of at least Twenty-One (21) days to receive advice about the terms and legal effects of this Agreement from counsel of his choosing, including advice as to the waiver of all rights under the age discrimination laws. The parties hereby represent that they have consulted their attorney(s) about this Agreement before signing it. PLAINTIFF shall have seven (7) days from his signing of this Settlement to revoke the Settlement. Notice of revocation must be postmarked no later than seven days from the date of signing and sent to DEFENDANTS' attorneys: Raab, Sturm & Ganchrow, LLP. 2125 Center Avenue, Fort Lee, New Jersey 07024.

14. **Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that



this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. All parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement of the parties regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by PLAINTIFF and DEFENDANTS. PLAINTIFF states that his attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

15. **Execution in Counterparts.**

This Agreement may be executed in counterparts, each of which shall be an original and all of which, when taken together, shall constitute a single Agreement.

16. **Removal of Seruv**

Upon the approval by the Court of the dismissal with prejudice, DEFENDANTS shall ask the Beth Din of America to lift the seruv against PLAINTIFF within seven (7) business days after the approval of the Court of the dismissal with prejudice. DEFENDANTS (or their counsel) will contemporaneously send a copy of their correspondence to the Beth Din of America requested a lifting of the seruv, to PLAINTIFF'S counsel. DEFENDANTS (or their counsel) will send a copy of any responsive correspondence from or with the Beth Din of America to PLAINTIFF'S counsel contemporaneously with that correspondence being sent or received. DEFENDANTS' efforts in this regard with all be made in good faith and using their best efforts.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND LIMITED RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

THE PARTIES AFTER DUE CONSIDERATION ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

FARSHAD RABBENOU

*/s/ F. Rabbenou*

Address: _____

STATE OF NEW JERSEY )
                    ) ss:
COUNTY OF Bergen    )

On this 11th day of July, 2017 before me personally came FARSHAD RABBENOU, known to me to be the individual described herein by providing appropriate identification and who executed the foregoing SETTLEMENT AGREEMENT AND LIMITED RELEASE, and he duly acknowledged to me that he executed the same.

_____
Notary Public
Dated: July 11, 2017

TIKI THOMAS
Notary Public
State of New Jersey
My Commission Expires Oct. 14, 2021
I.D.# 2455756

DAYAN FOODS, LTD

By: *Ira Sturm* on behalf of the corporation
    Attorney

MAIN EVENT-MAUZONE CATERERS LLC.

_____
By: Ira A. Sturm, attorney, on behalf of the LLC

JOSEPH BODNER

_____
Individually

MARTIN BODNER

_____
Individually

EDDIE IZSO

_____
Individually

Raab, Sturm & Ganchrow LLP.

_____
By: Ira A. Sturm
    Attorney for Defendants
    2125 Center Avenue, Suite 100
    Fort Lee, New Jersey 07024

MEYERSFRIED-GRODIN, LLP

_____
By: Jonathan Meyers
    Attorneys for Plaintiff
    1259 Route 46 East
    Building 4E, Suite 11
    Parsippany, NJ 07054

SO ORDERED: _____
             U.S.M.J.

Date: _____

MAIN EVENT-MAUZONE CATERERS LLC.

_____
By: Ira A. Sturm, attorney, on behalf of the LLC

JOSEPH BODNER

_____
Individually
MARTIN BODNER

_____
Individually

EDDIE IZSO

_____
Individually

Raab, Sturm & Ganchrow LLP.

_____
By: Ira A. Sturm
Attorney for Defendants
2125 Center Avenue, Suite 100
Fort Lee, New Jersey 07024

MEYERSFRIED-GRODIN, LLP

_____
By: Jonathan Meyers
Attorneys for Plaintiff
1259 Route 46 East
Building 4E, Suite 11
Parsippany, NJ 07054

SO ORDERED: _____
               U.S.M.J.

Date: _____

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
FARSHAD RABBENOU,

                Plaintiff,

   -against-

DAYAN FOODS, LTD. d/b/a MAIN
EVENT CATERERS, MAIN EVENT-
MAUZONE CATERERS, LLC, JOSEPH
BODNER a/k/a JOEY BODNER,
individually, MARTIN BODNER a/k/a
MARTY BODNER, individually,
EDWARD IZSO a/k/a EDDIE IZSO,
individually JOHN DOES 1-10, and
ABC CORPS. 1-10, fictitious names for
persons or entities whose present roles
and identities are unknown,

                Defendants.
-----------------------------------------------------------X

Index No.:17-CV-1330

## STIPULATION OF DISMISSAL WITH PREJUDICE

    Pursuant to Fed. R. Civ. P. 41(a) (1) (A) (ii), the parties having resolved all claims under the above-entitled action, hereby STIPULATE, CONSENT and AGREE that:

    The above captioned action is DISMISSED in its entirety, WITH prejudice and without costs to either side.

Dated: July __, 2017

| Meyers Fried-Grodin, LLP | Raab, Sturm & Ganchrow, LLP |
|---|---|
| _____ | _____ |
| By: Jonathan Meyers, Esq. | By: Ari Ganchrow |
| Attorneys for Plaintiff, Farshad Rabbenou | Attorneys for Defendants, Main Event-Mauzone Caterers LLC Dayan Foods, LTD, Joseph Bodner, Martin Bodner and Eddie Izso |
| 1259 Route 46 East, Building 4E, Suite 11 Parsippany, New Jersey 07054 973-453-4847 JMeyers@MfgLegal.com | 2125 Center Avenue, Suite 100 Fort Lee, New Jersey 07024 aganchrow@rsgllp.com |

SO ORDERED: _____
                U.S.D.J.