NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FARSHAD RABBENOU,**<br><br>Plaintiff,<br><br>v.<br><br>**DAYAN FOODS, LTD., et al.,**<br><br>Defendants. | Civil Action No. 17-1330 (ES) (MAH)<br><br>**MEMORANDUM OPINION** |

**SALAS, DISTRICT JUDGE**

Pending before the Court is a joint motion for approval of the parties' settlement and for dismissal of this action with prejudice. (D.E. No. 39). The Court decides this motion after taking into consideration the parties' unopposed submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the joint motion is GRANTED.

*Background.* The Court presumes that the parties are familiar with the underlying factual and procedural history of this action. In brief, Plaintiff alleges, among other things, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (D.E. No. 15 ¶¶ 103-13). On July 11, 2017, the parties entered into a Settlement Agreement and Limited Release of Claims ("Settlement Agreement"). (*See* D.E. No. 39-1). The Settlement Agreement resolves all of Plaintiff's claims against all Defendants in exchange for valuable consideration. (*See id.* at 2-6). On August 2, 2017, the parties filed the instant motion. (D.E. No. 39).

***Analysis.*** "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Morales v. PepsiCo, Inc.*, No. 11-6275, 2012 WL 870752, at *1 (D.N.J. Mar. 14, 2012).[1] "Although the Third Circuit has not addressed whether [FSLA] actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary." *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015). "[A] district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley*, 2012 WL 1019337, at *2 (citing *Lynn's Food Stores*, 679 F.2d at 1354). Accordingly, courts must determine whether (i) the settlement concerns a bona fide dispute; (ii) the settlement is fair and reasonable to the Plaintiff-employee.

Based on the record, the terms and conditions of the settlement, and the applicable law, the Court finds that the Settlement Agreement reflects a fair and reasonable resolution of a bona fide dispute of Plaintiff's FLSA claims.[2] *First*, the Settlement Agreement resolves a bona fide dispute as to Plaintiff's ability to recover for unpaid wages. Plaintiff alleges (among other things) that Defendants failed to pay him an overtime premium as required by the FLSA. (D.E. No. 15 ¶¶ 103-

---

[1] District courts in the Third Circuit have held that FLSA claims can be settled in two ways: (i) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to § 29 U.S.C. 216(c); or (ii) with the district court's approval of a settlement under 29 U.S.C. § 216(b). *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-1771, 2015 WL 5853924, at *1 (D.N.J. Oct. 5, 2015); *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337, at *1 (D.N.J. Mar. 26, 2012); *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014).

[2] The Court is also mindful of the strong presumption in favor of settlement. *See Farris v. J.C. Penney Co.*, 176 F.3d 706, 711 (3d Cir. 1999).

13).  Notably, Defendants moved to dismiss Plaintiff's claims (*see* D.E. No. 20), which is currently pending before the Court.  They argue that Plaintiff "was exempt from overtime pay entitlement, and that they were not Plaintiff's employers."  (D.E. No. 39 at 2).  So, there is a bona fide dispute between the parties as to whether Plaintiff has a viable FLSA claim.

*Second*, the Settlement Agreement is fair and reasonable to Plaintiff.  The Court notes that Plaintiff was adequately represented by counsel from the inception of this litigation until the settlement was reached.  Moreover, under the terms of the settlement, Plaintiff will receive $15,400, which is more than Plaintiff's calculated "$6,151.25 in unpaid overtime pay during the relevant timeframe."  (*Id.*).  After the disbursement of attorneys' fees and costs, Plaintiff will receive $9,743.50 (D.E. No. 39-1 at 3), which still reflects an amount higher than his calculated unpaid overtime pay.  For these reasons, the Court is satisfied that the Settlement Agreement reflects a fair and reasonable resolution of a bona fide dispute of Plaintiff's FLSA claim.

*Conclusion.*  The joint motion for approval of the parties' settlement and for dismissal of this action with prejudice is GRANTED.  An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**